# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MICHELLE JOHNSON O/B/O M.J.** | * | |
| | * | |
| | * | |
| **v.** | * | **Civil No. JKS 09-1244** |
| | * | |
| **MICHAEL J. ASTRUE,** | * | |
| **Commissioner of Social Security** | * | |
| | * | |

## MEMORANDUM OPINION

Plaintiff Michelle Johnson brought this action on behalf of her son, M.J., pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), for review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim on behalf of her son, M.J., for Supplemental Social Security Income (SSI) payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1382 *et seq.* The parties consented to referral to a United States Magistrate Judge for all proceedings and final disposition. Johnson's and Astrue's motions for summary judgment are ready for resolution and no hearing is deemed necessary. *See* Local Rule 105.6. For the reasons set forth below, Johnson's motion for summary judgment will be denied, and Astrue's motion for summary judgment will be granted.

## I.     Background.

Johnson filed a claim for SSI in March 2006, on behalf of her son. (R. 73–78). Johnson alleged an onset of her child's disability on February 2, 2006, due to attention deficit/hyperactive disorder (ADHD). (R. 73, 99). The claim was denied initially on October 25, 2006, and upon reconsideration on January 11, 2007. (R. 59–61, 65–66). On June 23, 2008, a hearing was held before an administrative law judge (ALJ) at which the claimant was represented by counsel.

(R. 29).  The ALJ issued a report on September 28, 2008, denying the claim.  (R. 13–28).  The

Appeals Council denied Johnson's request for review on March 27, 2009, rendering the ALJ's

determination as the final decision of the Commissioner of Social Security.  (R. 1).

## II.     ALJ's Decision.

The ALJ evaluated the SSI claim using the three-step sequential evaluation process set

forth in 20 C.F.R. § 416.920 to determine whether an individual under the age of 18 is disabled.

The ALJ found that M.J. met step one because he has not engaged in substantial gainful activity

for the relevant period.  (R. 19).  The ALJ concluded at step two that M.J. suffers from two

severe impairments: attention deficit hyperactivity disorder and borderline intellectual

functioning.  (R. 19).  At step three, in finding that M.J.'s impairments did not meet or medically

equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, the ALJ

specifically considered section 112.11 for ADHD and section 112.05 for mental retardation.

(R. 21–22).  The ALJ also found that M.J. did not have an impairment or combination of

impairments that functionally equal the listings.  (R. 22–27).  As a result, the ALJ determined

that M.J. was not disabled within the meaning of the Act.  (R. 17).

## III.    Standard of Review.

The role of this court on review is to determine whether substantial evidence supports the

Commissioner's decision and whether the Commissioner applied the correct legal standards.  42

U.S.C. § 405(g); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995).  Substantial evidence is

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co, v. NLRB*,

305 U.S. 197, 229 (1938)).  It is more than a scintilla, but less than a preponderance, of the

evidence presented.  *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984).  It is such evidence

that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id.*

## IV. Discussion.

Johnson alleges that the ALJ failed to properly develop the administrative record. Specifically, Johnson claims that the ALJ failed to obtain evidence from Children's National Medical Center, M.J's treating physician, and M.J.'s teachers.

A claimant for supplemental security income bears the primary responsibility of presenting evidence which establishes his or her disability. *See Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987); 20 C.F.R. §§ 404.1512(a), (c). However, the ALJ also has a duty to ensure that the record is fully and fairly developed prior to making a determination regarding the individual's disability. *See, e.g., Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). This duty is somewhat relaxed when, as here, the claimant is represented by counsel. In such a case, the ALJ ordinarily is "entitled to rely on the claimant's counsel to structure and present [the] claimant's case in a way that the claimant's claims are adequately explored." *Hawkins v. Chater*, 113 F.3d 1162, 1167-68 (10th Cir. 1997). An ALJ has a duty to seek additional evidence only where the administrative record does not contain sufficient evidence to decide whether the claimant is disabled. 20 C.F.R. § 416.927(c)(3); *see Cook*, 783 F.3d at 1173 (noting that this duty arises when the evidence submitted by the claimant is inadequate).

During the hearing, the ALJ fully and fairly developed the record prior to making a determination. First, the claimant's attorney had a full opportunity to question both Johnson and M.J. The attorney first questioned M.J. about his medical impairment and behavioral problems.

(R. 33–37).  During the examination, M.J. indicated that he no longer took his ADHD medication because he could not afford it.  M.J. also discussed his school behavior, including how he failed two courses, did not regularly attend classes because he did not like his teachers, and was suspended at least three or four times during the year.  (R. 34–36).  He further testified that school officials considered him disrespectful, disruptive, and insubordinate and he acted in this manner because the officials were disrespecting him.  (R. 36).  Additionally, M.J. stated that he had recently started working as a caterer, but had only done so once.  (R. 37).

The ALJ followed up the attorney's questioning by asking M.J. about his career aspirations, his school performance, his relationships with his teachers, and his hobbies.  M.J. testified that he planned to go to college and major in business.  (R. 38).  He further elaborated on his school performance by stating that he failed two classes because he did not understand the work.  (R. 41).  He explained that he had trouble with most teachers because they would disrespect him when he asked for help with his schoolwork.  (R. 38).  M.J. did mention that he got along with one teacher because the teacher showed him respect and helped him with his schoolwork.  (R. 39).

After M.J.'s examination, the attorney questioned Johnson about her son's behavior.  Johnson testified that M.J. has been very active since he was a small child.  (R. 43).  People at the day-care center told her that M.J was a danger to himself and others.  (R. 44).  Johnson stated that she receives a phone call almost every day from M.J.'s school about his behavior.  (R. 44).  She also testified that M.J. would have been expelled from school if he did not have ADHD.  (R. 45).  She has regularly tried to help M.J. with his schoolwork, but she has trouble because of his short attention span.  (R. 47).

In addition to the hearing examinations, the ALJ based his decision on evidence from a developed record. The administrative record contained evidence of M.J.'s school suspensions, disciplinary hearings, and grades. The administrative record also contained a psychological evaluation performed on October 11, 2006, by Dr. Phillips. (R. 184). During the examination, Dr. Phillips conducted educational tests, finding that M.J. had intellectual functioning within the borderline-to low average range, and observed that he was cooperative and appeared to exert maximal effort. The ALJ also relied heavily on the Childhood Disability Evaluation Form completed on October 24, 2006, by Dr. Sarno, a child psychiatrist. (R. 225). Under 20 C.F.R. § 416.927(d), medical opinions based on clinical findings and consistent evaluations by nontreating and nonexamining physicians are given significant weight. Here, both Dr. Phillips' opinion, and Dr. Sarno's consistent opinion, were afforded significant weight by the ALJ. (R. 21).

Despite this substantial evidence, Johnson argues that the ALJ failed in his duty to develop the administrative record by failing to obtain evidence from Children's National Medical Center, M.J.'s treating physician, and M.J's teachers. When a claimant is represented by an attorney, the attorney has the responsibility to obtain the information and evidence the claimant wants to submit in support of the claim. 20 C.F.R. § 416.1540. Here, the attorney submitted evidence at the hearing, (R. 32), and also questioned Johnson and her son. In addition, both the ALJ and the Appeals Council informed Johnson that she could submit additional evidence. (R. 13, 51, 68). Johnson does not explain why she did not submit the specific evidence she now argues was necessary. Rather, she simply argues that it was the ALJ's responsibility to obtain this evidence. A claimant, however, bears the primary responsibility of producing evidence, and

the ALJ's duty to obtain additional evidence did not arise because the administrative record contained sufficient evidence.

Even assuming, *arguendo*, that the ALJ failed to adequately develop the administrative record, Johnson has not shown that such failure "resulted in unfair or clear prejudice." *See Fleming v. Barnhart*, 284 F. Supp. 2d 256, 272 (D. Md. 2003). She summarily asserts that the evidence was necessary to properly adjudicate the claim, but provides neither reasons for this contention nor an explanation of why she did not submit this evidence to the ALJ or the Appeals Council. Notably, the evidence from the Children's National Medical Center and M.J.'s treating physician was used by Dr. Phillips, on whom the ALJ heavily relied in reaching his decision. In sum, Johnson fails to show how the claim was prejudiced because this evidence was not in the record.

## V. Conclusion.

For the foregoing reasons, Johnson's motion for summary judgment will be denied, and Astrue's motion for summary judgment will be granted. A separate Order will be entered.

Date: <u>September 9, 2010</u>               <u>          /S/             </u>
                                                                      JILLYN K. SCHULZE
                                                                      United States Magistrate Judge